# MILLSAP & SINGER, LLC

ATTORNEYS AT LAW

612 SPIRIT DRIVE
ST. LOUIS, MISSOURI 63005

CYNTHIA M. WOOLVERTON
cwoolverton@msfirm.com

TEL (636) 537-0110
FAX (636) 537-0067

January 27, 2011

Honorable Janice Miller Karlin
U.S. Bankruptcy Judge
District of Kansas
240 U.S. Courthouse
444 S.E. Quincy, Courtroom 210
Topeka, KS 66683

   RE: David Antonio Campoverde
      10-41685-jmk

Dear Judge Karlin,

  Pursuant to the Courtroom Minutes of January 12, 2011, I present this communication as an explanation to the Court and Ms. Hamilton, Chapter 7 Trustee of the removal of the MERS Identification Number (MIN) from the Mortgage attached to the Motion for Relief filed on behalf of CitiMortgage, Inc. As will be explained, the removal of the MIN from the mortgage at issue in this proceeding and each mortgage filed with this Court as an exhibit to pleadings has been done at my direction and did not involve my client at any time.

  Pursuant to a default of the terms of the Note and Mortgage, this property was originally referred to our office by CitiMortgage to begin foreclosure proceedings in June 2010. A copy of the petition filed in Lyon County is attached to this correspondence. Attached to the petition and marked as Exhibit B is the recorded Mortgage which contains the MIN for this mortgage.

  On September 17, 2010, Debtor David Antonio Campoverde filed this Chapter 7 case listing the property at 2001 Mt. Vernon Terrace, Emporia, KS in Schedule A along with CitiMortgage, Inc. as the secured creditor in Schedule D. Debtor lists the value of the collateral to be $145,000.00 as of the date of the filing of this case with the debt owed to CitiMortgage exceeding its value.

  On November 12, 2010, pursuant to instructions from CitiMortgage, I filed a Motion for Relief from Automatic Stay. As an exhibit to the Motion, I included a recorded copy of the Mortgage. The MIN is a unique number attached to a loan. As such, my concern has been whether the MIN is subject to the redaction requirements of Rule 9037. Out of an abundance of caution and to avoid any violation of the Rule, the

Judge Karlin
United States Bankruptcy Court
In re: CitiMortgage, Inc. v. Campoverde, David Antonio
Case No. 10-41865
January 27, 2011
Page 2

MIN numbers are removed at my direction from the document before filing with the Court. This procedure is in no way intended to mislead any party or hide relevant information from the Trustee, the Debtor or this Court.

In this case, Ms. Hamilton contacted my office after the motion had been filed via email requesting additional information including a copy of the filed petition in the state court action. A copy of the email communication dated November 23, 2010 is attached. Copies of the pleadings, including the recorded mortgage showing the MIN, were forwarded to Ms. Hamilton the same day her request was made. Even if Ms. Hamilton were unable to obtain a copy of the Mortgage with the MIN from our office, she could have obtained a recorded copy of same from the Lyon County Recorder's Office. Furthermore, the MERS website allows for searches by using the borrower name and address. A MIN is not needed to perform a MERS search. In short, the MIN was only redacted out of an abundance of caution and was neither intended to deceive nor did it have the effect of deceiving Ms. Hamilton as she obtained access to the MERS information prior to receiving copies from our office according to her email communication.

It is also important to note that the MERS website does not provide information as to who the holder is of the note. Nor does the MERS website list who is the owner of the loan. The MERS website will only list who the servicer is for the loan, and if there is an investor, who the investor is for the loan.

Holder status is determined by the documents associated with the loan. Attached to the Motion for Relief with respect to this property are a Note, a Mortgage and an Assignment of Mortgage. The Note is made payable to CitiMortgage, Inc. and reflects no endorsements. The recorded Mortgage shows the Lender as CitiMortgage, Inc. and MERS in its capacity as nominee for Lender. The Assignment of Mortgage assigns the mortgage to CitiMortgage, Inc. from MERS as nominee for CitiMortgage, Inc. CitiMortgage holds the Note and the Mortgage.

If the Court would prefer that our office include MIN numbers and/or other indentifying information with all future loan documents filed with this Court, we could file the same under seal pursuant to 9037(c) whereupon the Court could either order the information unsealed or enter an order to file a redacted version of the relevant documents for the public record.

Judge Karlin
United States Bankruptcy Court
In re: CitiMortgage, Inc. v. Campoverde, David Antonio
Case No. 10-41865
January 27, 2011
Page 3

      Should the Court be interested in additional information or clarification of any information I have provided, I would welcome the opportunity to provide that clarification.

      Respectfully submitted,

Cynthia M. Woolverton

cc: Patricia E. Hamilton
Stevens and Brand, LLP
515 S. Kansas Avenue, Suite 200
Topeka, KS 66603