UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
DAVID ANTONIO CAMPOVERDE ) Case No. 10-41685-7 JMK
)
Debtor. )

TRUSTEE'S SUPPLEMENT TO MOTION TO COMPEL AND
FOR SANCTIONS PURSUANT TO FED. R. BANKR. PROC. 7037

**COMES NOW** Patricia E. Hamilton, Chapter 7 Trustee (the "Trustee"), and for her Objection to CitiMortgage, Inc., or its successors or assigns' Motion for Relief from Stay, states:

1. Debtor filed a voluntary Chapter 7 Bankruptcy Petition on September 17, 2010 (the "Filing Date").

2. On March 22, 2011, the Trustee filed her Motion to Compel requesting that the Court require CitiMortgage, Inc. ("CitiMortgage") to comply with the Court's orders as announced at the February 9, 2011 hearing. The Trustee also filed a Motion requesting an expedited hearing on the Motion to Compel.

3. On March 24, 2011 the Court entered its Order on the Trustee's Motion for Expedited Hearing. The March 24th Order, in part, required CitiMortgage to immediately provide the Trustee with an "exact copy of the note as it exists today (showing any and all endorsements since the date it was executed), with a certification that it is an exact copy of the original of that document."

4. The Trustee has been provided with a copy of the Note and certification from Ms. Woolverton, a copy of which is attached hereto as **Exhibit 1**. The Note produced by CitiMortgage, in response to the Court's March 24, 2011 Order, does in fact bear an

1

endorsement, contrary to prior representations to the Court. Additionally, CitiMortgage has never revealed any of the agreements related to the Note and Mortgage, including but not limited to its servicing agreement and any custodial agreement. These agreements are critical in determining any parties' rights or interests in the Note and Mortgage, including but not limited to rights related to possession of the Note.

4. The Trustee requests the Court impose appropriate sanctions in regard to the Trustee's Motion to Compel and the Trustee's attorney's fees and costs. The delay, expense, harm and disadvantage resulting from this persistent conduct is an indication that the Defendant, the servicer and counsel are not proceeding in good faith and warrant the imposition of sanctions and fees.

**WHEREFORE,** the Trustee requests the Court grant the Motion to Compel and impose appropriate sanctions and attorney fees, and grant such other and further relief as is just and equitable.

Respectfully submitted,

s/ Patricia E. Hamilton
Patricia E. Hamilton, KS #13263
515 S. Kansas Ave, Suite 200
Topeka, KS 66603
785-408-8000 Phone; 408-8003 Fax
Phamilton@stevensbrand.com
Chapter 7 Trustee

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the Trustee's Supplement to Motion to Compel and for Sanctions Pursuant to Fed. R. Bankr. Proc. 7037 was filed electronically on this 1st Day of April, 2011 with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that a copy of the Trustee's Supplement to Motion to Compel and for Sanctions Pursuant to Fed. R. Bankr. Proc. 7037 was served by U.S. Mail, first class postage prepaid and properly addressed to the following party/parties.

NONE.

s/Patricia E. Hamilton
Patricia E. Hamilton

# MILLSAP & SINGER, LLC
### 612 SPIRIT DRIVE
### ST. LOUIS, MO 63005

www.msfirm.com

Telephone: (636) 537-0110
Facsimile: (636) 537-0067

## FACSIMILE COVER SHEET

TO: Patricia Hamilton

FAX NO: 17854088003

FROM:

DATE: 3/25/2011

PAGES: 6 (Not Including Cover Sheet)

COMMENTS:

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile message may be attorney privileged and/or contain information that is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this facsimile to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original to us at the above address via the U. S. Postal Service. Thank you.



EXHIBIT 1

# MILLSAP & SINGER, LLC

ATTORNEYS AT LAW

612 SPIRIT DRIVE
ST. LOUIS, MISSOURI 63005

CYNTHIA M. WOOLVERTON
cwoolverton@msfirm.com

TEL (636) 537-0110
FAX (636) 537-0067

March 25, 2011

**VIA FACSIMILE AND REGULAR MAIL**

Ms. Patricia Hamilton
Chapter 7 Trustee
515 S Kansas Ave, Ste 200
Topeka, KS 66603

Re: **David Campoverde**
**2001 Mt. Vernon Terrace, Emporia, KS 66801**
**Bankruptcy Case 10-41685**
**Loan No.: 2003414023**
**MS 114829**

Dear Ms. Hamilton,

Enclosed please find a copy of the Note for the above referenced account along with a signed certification that the document is a true and accurate copy of the original.

Should you need anything additional, please contact me directly

Sincerely,

Cynthia M. Woolverton

CMW/aec

Enclosure

# NOTE

February 15, 2006              Emporia                    Kansas
[Date]                         [City]                     [State]

2001 Mt. Vernon Terrace, Emporia, KS 66801
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 153,000.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is CitiMortgage, Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.500 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the First day of each month beginning on April 1, 2006    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 1, 2036    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1000 Technology Drive, O' Fallon, MO 63368-2240

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 967.06

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

002003414023

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-6N (0207)    Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3    Initials: D.A.C

CitiMortgage 2.1).1.45 V4

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

002003414023

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____         David A Campoverde                (Seal)
                                        David A. Campoverde               -Borrower

                                        *(Sign Original Only)*

Pay to the order of
without recourse to: CitiMortgage, Inc.
_____
Jagr J. Sans, Vice President
CitiMortgage, Inc.

002003414023

CMP-SN (0207)                Page 3 of 3                Form 3200 1/01
                                                        CitiMortgage 2.11.1.45 V4

## SIGNATURE/NAME AFFIDAVIT

DATE: February 15, 2006

LOAN #: 002003414023

BORROWER: David A. Campoverde

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW. (This signature must **exactly** match signatures on the Note and Mortgage or Deed of Trust.)

| David A. Campoverde | _David A. Campoverde_ |
|---|---|
| (Print or Type Name) | Signature |
| (Print or Type Name) | Signature |
| (Print or Type Name) | Signature |
| (Print or Type Name) | Signature |

(If applicable, complete the following.)

I AM ALSO KNOWN AS:

| (Print or Type Name) | Signature |
|---|---|
| (Print or Type Name) | Signature |
| (Print or Type Name) | Signature |
| (Print or Type Name) | Signature |

Subscribed and sworn (affirmed) before me this 14th day of Feb, 2006

Notary Public in and for
the State of
County of
My Commission Expires: Aug 1, 2006

JULIANA E. TORRES
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Aug. 1, 2006

NAMEAFF1- 05/18/1999 CitiMortgage 2.11.1.45 V4
CitiMortgage 2.11.1.45 V4

I, Cynthia M. Woolverton, do hereby certify that the attached Note dated February 15, 2006 referencing the property address 2001 Mt. Vernon Terrace, Emporia, KS 66801 is a true and accurate copy of the original document received by Millsap & Singer LLC on March 25, 2011.

_____
Cynthia M. Woolverton

Sworn to before me this
25th day of March, 2011

_____
Notary Public

JILLIAN HOELTING
My Commission Expires
May 22, 2013
St. Charles County
Commission #09714865