# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

IN RE:                                    )
DAVID ANTONIO CAMPOVERDE,                 )
                                          )     Case No. 10-41685-7 JMK
Debtor.                                   )

## RESPONSE TO TRUSTEE'S MOTION TO COMPEL

CitiMortgage, Inc., through the undersigned counsel, states the following for its response to the Trustee's Motion to Compel:

1. CitiMortgage, Inc. admits the allegations in paragraph 1 of Trustee's Motion to Compel.

2. CitiMortgage, Inc. admits the allegations in paragraph 2 of Trustee's Motion to Compel.

3. CitiMortgage, Inc. admits that its Motion for Relief (MFR) states it is entitled to enforce the Note and Mortgage attached to same. CitiMortgage, Inc. denies that its MFR fails to state a factual or legal basis for granting stay relief. In particular, the MFR identifies the total payoff and number of delinquent payments as proof of inadequate protection. Moreover, the MFR states that CitiMortgage, Inc. is the holder of the Mortgage and Note secured by the Subject Property and both the Mortgage and Note attached to the MFR list CitiMortgage, Inc., as the original lender for both documents. It is well established in Kansas that a person entitled to enforce an instrument may be, among other things, the holder of the instrument or a nonholder in possession of the instrument with the rights of the holder. K.S.A. 84-3-301. Kansas law also provides that a person may be entitled to enforce an instrument even if the person does not own the instrument or wrongfully possesses same. *Id.*

In addition, the Mortgage further lists Mortgage Electronic Registration Systems, Inc. (MERS), as the Mortgagee "acting solely as nominee for Lender

1

and Lender's successors and assigns." Mortgage, page 1, ¶ C.  With respect to MERS, the Mortgage further provides "[b]orrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property: and to take any actions of Lender including, but not limited to, releasing and canceling this Security Instrument."  Mortgage, page 3, second full paragraph.   As this Court recently held, express language in a Mortgage agreement is evidence of MERS' authority to act as agent for lender.  *In re Martinez*, 2011 WL 489905 (Bkrtcy.D.Kan.).   Based on the foregoing, the MFR provided a legal and factual basis for providing stay relief to CitiMortgage, Inc.

    4.    CitiMortgage, Inc. admits the allegations in paragraph 4 of Trustee's Motion to Compel.

    5.    CitiMortgage, Inc. admits the Court required documents to be produced within thirty days of the hearing.  The transcript of the hearing speaks for itself.  CitiMortgage, Inc. denies any inferences or statements inconsistent therewith.

    6.    CitiMortgage, Inc. admits the allegations in paragraph 6 of Trustee's Motion to Compel.  By way of further answer, CitiMortgage, Inc., states that a document in its possession was represented to be the MERS' Milestone Report but, upon further review, turned out to be a different document.  That Trustee did not receive the MERS Milestone Report was the result of a mistake and not the result of bad faith or intent to mislead the Trustee.

    7.    CitiMortgage, Inc. admits the allegations in Paragraph 7 of Trustee's Motion.

8. CitiMortgage, Inc. admits the allegations in Paragraph 8 of Trustee's Motion.

9. CitiMortgage, Inc. admits the allegations in Paragraph 9 of Trustee's Motion. By way of further answer, the original Note was being shipped to counsel's office, UPS tracking no. 1ZA6X8821396105045. Counsel for CitiMortgage, Inc. fully intended to allow Trustee to inspect the original Note on or before the April hearing date and did not want to make any further representations regarding the original Note until counsel had received and reviewed same.

10. Counsel for CitiMortgage, Inc. stated he could not disclose the servicing agreement because he did not have a copy. In cooperation with Fannie Mae, copies of the Selling and Servicing Agreement and the Fannie Mae Loan Detail were obtained. Copies of the Selling and Servicing Agreement and Fannie Mae Loan Detail are attached as Exhibit A and incorporated by reference.

11. CitiMortgage, Inc. denies the allegations in paragraph 11 of Trustee's Motion to Compel.

12. CitiMortgage, Inc. admits it was ordered to provide documents indicating its authority to enforce the Mortgage and Note. By way of further answer, CitiMortgage, Inc. states that a copy of the Original Note endorsed in blank and the MERS' Milestone Report have been forwarded to Trustee. A copy of the Original Note endorsed in blank is attached as Exhibit D and incorporated by reference. A copy of the MERS' Milestone Report is attached as Exhibit E and incorporated by reference.

13. CitiMortgage, Inc. admits it has no information indicating the Mortgage was signed and notarized in New Jersey and then express mailed the same day to be recorded in Kansas. Absent such information, the issue of whether the notary block renders the Mortgage voidable is a legal issue.

CitiMortgage, Inc. denies that its response to information regarding the notary block was wholly inadequate.

14. CitiMortgage, Inc. denies the allegations in paragraph 14 of Trustee's Motion to Compel.

15. CitiMortgage, Inc. states that the MERS' Milestone Report lists the servicer and investor information for Mortgages registered in the MERS system. Trustee was notified, on November 23, 2011, in an e-mail from counsel for CitiMortgage, Inc., that the Mortgage was a Fannie Mae loan, that Fannie Mae was the investor for said loan, and that CitiMortgage, Inc., was the holder of the Mortgage and Note which is reflected in the MERS Milestone Report provided to Trustee. A copy of the e-mail is attached as Exhibit B and incorporated by reference.

16. In response to paragraphs 16 through 20 of Trustee's Motion to Compel, CitiMortgage, Inc. states that it is entitled to foreclose on the Mortgage for Fannie Mae pursuant to the Selling and Servicing Agreement and due to its status as holder of the Note which is endorsed in blank. Exhibit A, page 8, ¶ 5.

17. CitiMortgage, Inc. denies Trustee's allegations of bad faith. As noted above, counsel for CitiMortgage, Inc. informed Trustee in November of 2010, that the investor for the Mortgage was Fannie Mae and further that CitiMortgage, Inc. was the servicer. Exhibit B. In the same e-mail, counsel for CitiMortgage, Inc. attached a copy of a state court foreclosure petition that contained a copy of the Mortgage with MIN Number and further asks Trustee to contact counsel for CitiMortgage, Inc. should she have any further questions regarding the MFR. Trustee did not send any additional requests for information prior to December 3, 2010, when Trustee filed a response to the MFR filed by CitiMortgage, Inc. Exhibit B. As explained in the January 27, 2011 letter from counsel for CitiMortgage, Inc., the MIN number was removed from the Mortgage

attached to the MFR out of an abundance of caution to comply with Rule 9037 and was neither intended to mislead the Court or the Trustee or, for that matter had the effect of same as the investor and servicer information can be pulled from the MERS website using the debtor's name and/or address.  A copy of the Letter is attached as Exhibit C and incorporated by reference.  In light of the November 23, 2010 e-mail, Trustee's assertion that she was unaware of Fannie Mae's status as an investor is, at best, mistaken.

Although all requested information was not provided within the Court's deadline set forth in its February 9, 2011 Order, most of the information has since been provided.  The missing information concerns the Mortgage's notary block referencing a New Jersey notary on the same day the Mortgage was recorded in Kansas.  Counsel for CitiMortgage, Inc., has been unable to uncover information regarding the circumstances under which the Mortgaqe was notarized.

WHEREFORE, CitiMortgage, Inc., requests that this Court enter an order indicating CitiMortgage's compliance with the order compelling disclosure, deny any requests for fees or costs associated with the Trustee's Motion to Compel, and for any other relief that this Court deems proper.

Dated April 5, 2011.

        Millsap & Singer, LLC

        */s/ Cynthia M. Woolverton*
        Cynthia M. Woolverton, #21445
        612 Spirit Drive
        St. Louis, MO  63005
        Telephone: (636) 537-0110
        Facsimile: (636) 537-0067
        bktyks@msfirm.com

        Attorneys for CitiMortgage, Inc.

## CERTIFICATE OF SERVICE

      I certify that on April 5, 2011, a copy of the foregoing was sent electronically to the following individuals:

Patricia E. Hamilton
515 S. Kansas Ave., Suite 200
Topeka, KS 66603
phamilton@stevensbrand.com

                                    */s/ Cynthia M. Woolverton*